CESNULIS v MONARCH PRODUCTS COMPANY

Docket No. 77-4001. Submitted October 17, 1978, at Detroit.—Decided November 28, 1978.

Anthony V. Cesnulis petitioned for worker's compensation benefits for an injury suffered while his employer, Monarch Products Company, was involved in bankruptcy proceedings and had permitted its worker's compensation insurance to lapse. Plaintiff amended his petition to include the self-insurers' security fund as a party defendant claiming he was entitled to benefits from the fund during the period in which his employer was under the jurisdiction of the bankruptcy court. The hearing referee awarded benefits from the fund upon finding Monarch was an insolvent, private, self-insured employer. The Workmen's Compensation Appeal Board reversed, finding the employer was not self-insured. Plaintiff appeals. *Held:*

A disabled employee may receive benefits from the self-insurers' security fund where his employer is a private self-insured employer who becomes insolvent and is unable to continue payments. Self-insurer means an employer authorized to carry its own insurance risk. Monarch was not authorized to carry its own risk and was not a private self-insured employer who became insolvent; therefore, plaintiff was not entitled to benefits from the fund.

Affirmed.

1. Workmen's Compensation—Self-Insurers—Self-Insurers' Security Fund—Insolvency—Payment of Benefits—Statutes.

A disabled employee may receive benefits from the self-insurers' security fund where he is entitled to receive benefits from a private self-insured employer who becomes insolvent and is unable to continue payments; a self-insurer means an employer authorized to carry its own risk; a disabled employee is not entitled to receive benefits from the fund where his employer is not authorized to carry its own risk, and therefore, is not a private self-insured employer under the self-insurers' security

References for Points in Headnotes
[1-3] 82 Am Jur 2d, Workmen's Compensation §§ 650.
[2] 81 Am Jur 2d, Workmen's Compensation § 17.

fund provision of the worker's compensation law (MCL 418.502, 418.537[1], 418.601[b]; MSA 17.237[502], 17.237[537][1], 17.237[601][b]).

2. WORKMEN'S COMPENSATION—INSURED EMPLOYER—SELF-INSURED EMPLOYER—INSOLVENT EMPLOYER—CONSTITUTIONAL LAW— EQUAL PROTECTION—STATUTES.

A disabled employee of an employer who carries worker's compensation insurance and who becomes insolvent is not deprived of equal protection of the law by the fact that the self-insurers' security fund, as established by the Worker's Disability Compensation Act, does not cover him, although his employer has allowed the insurance to lapse due to the insolvency but would have covered him if he had been disabled while employed by a self-insured employer who became insolvent (MCL 418.611; MSA 17.237[611]).

3. WORKMEN'S COMPENSATION—SELF-INSURERS—SELF-INSURERS' SECURITY FUND—ASSESSMENTS—STATUTES.

Private self-insured employers are assessed and are required to pay into the self-insurers' security fund, insured employers do not pay into this fund; therefore, it would be unfair to self-insurers to impose upon them the burden of compensating employees of employers who did not contribute to the fund (MCL 418.551[3]; MSA 17.237[551][3]).

*Rosenbaum, Bloom, Kaufman, Appel & Moses* (by *Lawrence A. Meyerson),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eileen Zielesch* and *Steve N. Yardley,* Assistants Attorney General, for defendant.

Before: BEASLEY, P.J., and R. B. BURNS and J. H. VANDER WAL,* JJ.

R. B. BURNS, J. Plaintiff petitioned for worker's compensation benefits for an injury suffered during a period of time in which his employer permitted its worker's compensation insurance coverage

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

to lapse. The employer subsequently filed a petition in bankruptcy; a receiver was appointed, the employer was adjudicated bankrupt, the company reorganized, and control was eventually restored to the employer. Plaintiff amended his petition for worker's compensation benefits to include the Self-Insurers' Security Fund as a party defendant, claiming he was entitled to benefits from the fund during the period in which his employer was under the jurisdiction of the bankruptcy court. The hearing referee awarded benefits from the fund upon finding the employer was an insolvent, private, self-insured employer. MCL 418.502; MSA 17.237(502). The Workmen's Compensation Appeal Board reversed, however, finding the employer was not self-insured. MCL 418.601(b); MSA 17.237(601)(b). We affirm.

A disabled employee may receive benefits from the fund where he is entitled to receive benefits from "a private self-insured employer who becomes involvent * * * and is unable to continue the payments." MCL 418.537(1); MSA 17.237(537)(1). A literal interpretation of MCL 418.502; MSA 17.237(502) would support plaintiff's argument that he is entitled to benefits, for that statute defines "an insolvent private self-insured employer" as one "who files for relief under the bankruptcy act or * * * against whom bankruptcy proceedings are filed or * * * for whom a receivor is appointed in a court of this state". However, this statute must be read in conjunction with MCL 418.601; MSA 17.237(601), which provides in part that "[w]henever used in this act: * * * (b) 'self-insurer' means an employer authorized to carry its own risk". Since plaintiff's employer was not "authorized to carry its own risk", it was not "a private self-insured employer who [became] insol-

vent". Consequently, plaintiff is not entitled to benefits from the fund.

Plaintiff argues that this interpretation of the act deprives him of equal protection of the law, US Const, Am XIV, for employees of insolvent self-insurers are provided with greater protection than employees of insolvent, noncomplying employers. However, the Legislature could reasonably conclude that, while a fund was needed to back up self-insurers who might become insolvent, no such fund would be needed for employers who elect to insure, and are therefore backed by insurance companies or the accident fund. See MCL 418.611; MSA 17.237(611). The scheme contains penalties for noncompliance, designed to insure adequate financial backing. MCL 418.641, 418.645, 418.647; MSA 17.237(641), 17.237(645), 17.237(647). The classification bears a reasonable relation to the object of the legislation. *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 671; 232 NW2d 636, 642 (1975). Moreover, it would be unfair to self-insurers to impose upon them the burden of compensating employees of employers who did not contribute to the fund. MCL 418.551(3); MSA 17.237(551)(3).

Affirmed.